**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| E.B.,<br><br>     Plaintiff,<br><br>     v.<br><br>CAPENELLA-CRUZ, et al.,<br><br>     Defendants. | Civil Action No. 22-1185 (KMW) (MJS)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

  This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint. (ECF No. 1.)  Also before the Court are Plaintiff's *in forma pauperis* application (ECF No. 4), and his motions seeking to seal portions of his complaint (ECF No. 2) and to have counsel appointed (ECF No. 3).  Having reviewed the application and finding that leave to proceed without prepayment of fess in this matter is warranted, Plaintiff's application shall be granted.  Because this Court will grant Plaintiff *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant.  For the reasons set forth below, Plaintiff's retaliation claims shall be permitted to proceed at this time, while his false report and failure to protect claims shall be dismissed without prejudice; Plaintiff's motion to seal shall be granted; and his motion seeking the appointment of counsel shall be denied without prejudice.

I.      **BACKGROUND**

Plaintiff is a convicted state prisoner who, at the time the events which give rise to his complaint occurred, was a prisoner at Northern State Prison and South Woods State Prison. (ECF No. 1 at 2.) In November 2020, while detained at Northern State, Plaintiff worked as a "Social Worker Aide," a position which required him to bring prisoners' complaints to the attention of various prison officials and officers. (*Id.* at 4.) Defendant Capenella-Cruz, an officer at that prisoner, disliked Plaintiff for this reason, and would verbally harass Plaintiff and others. (*Id.* at 5.) Plaintiff filed over seventy grievances against this officer, who threatened that Plaintiff would be "dealt with and the situation" corrected. (*Id.*) Plaintiff contends that Capenella-Cruz thereafter made a false anonymous accusation against Plaintiff that he was planning an escape attempt, which resulted in Plaintiff being transferred to South Woods State Prison and being placed into a two-man quarantine cell. (*Id.* at 5-6.)

While in South Woods in January 2021, Plaintiff was taken to the hospital for a previously scheduled arm surgery which resulted in his arm being placed in a cast and his reassignment to a single occupancy infirmary cell. (*Id.* at 6.) While there, Plaintiff made frequent requests for a shower and property he apparently had not received back following his transfer to several officers, but received neither. (*Id.*). Plaintiff had his family complain to prison officials, and he was given his property and a shower on January 13, 2021. (*Id.* at 7.) The John Doe Defendant, a corrections officer at the prisoner, thereafter told Plaintiff that he was going to have him placed in "lock up" – a form of punitive housing – for complaining. (*Id.*) Plaintiff protested, but was again told he'd be placed in lock up regardless. (*Id.*) On January 15, 2021, Defendant Martinez took Plaintiff to the lock up unit, telling Plaintiff that, regardless of Plaintiff's protests that he'd done nothing wrong, he was being moved to lock up because Martinez and the John Doe Defendant wanted him there. (*Id.* at 8.) Plaintiff was placed in a cell with another prisoner serving a "90-day lock-up

sentence, whom Plaintiff did not know." (*Id.*) Shortly thereafter, Plaintiff complained to Defendant Sloan that he should not be in lock up, especially in light of his cast. (*Id.* at 9-10.) Sloan told Plaintiff he would check the reason for the punitive housing placement, and after doing so told Plaintiff that he had been placed there for complaining, and that Plaintiff would remain in his lock-up cell with his cell mate. (*Id.* at 10.)

Three days later, while in the same cell, Plaintiff was attacked in his sleep, choked, and raped by his cell mate. (*Id.* at 11.) As soon as Plaintiff told prison officials, he was taken to a hospital for treatment, an investigation was conducted, and his attacker was charged. (*Id.* at 11-12.) Based on these events, Plaintiff seeks to raise claims against Defendants for First Amendment retaliation, punishing him with a lock-up placement without a supporting charge in violation of his Due Process rights, and a failure to protect claim against Defendants John Doe, Martinez, and Sloan for placing or leaving him in a shared cell which led to his being attacked by his cell mate.

## II.    **LEGAL STANDARD**

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*,

3

515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   **DISCUSSION**

In his complaint, Plaintiff seeks to bring claims against Defendants for First Amendment retaliation, Due Process violations, and for failing to protect him. Having reviewed the complaint, this Court finds no basis for the dismissal of Plaintiff's retaliation claims, and those claims shall therefore be permitted to proceed at this time against all Defendants. Plaintiff's remaining claims, however, are deficient.

Turning first to the issue of Plaintiff's Due Process claims, the filing of a false disciplinary report or charge is not sufficient to form the basis of a constitutional placement, it is only where a prisoner is denied Due Process at a disciplinary hearing as to a protected liberty interest that such actions will give rise to liability under federal law. *Poole v. Mercer Cnty. Corr. Ctr.*, No. 11-3730, 2012 WL 694689, at *2 (D.N.J. Feb. 29, 2012); *see also Mimms v. U.N.I.C.O.R.*, 386 F. App'x 32, 36 (3d Cir. 2010); *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). Because placement in restrictive housing "does not present a dramatic departure from the basic conditions" of prison confinement, such a placement alone will not give rise to a federally protected liberty interest. *See, e.g., Sandin v. Conner*, 515 U.S. 472, 485-86 (1995). That Defendants filed false reports against Plaintiff, or placed him in restrictive housing for a few days without proper supporting charges thus did not deprive Plaintiff of a protected interest, and are insufficient to form the basis of a proper claim for a denial of Due Process. *Id.* Plaintiff has therefore failed to plead a valid claim against Defendants for placing him in restrictive housing for a few days without a supporting disciplinary finding, and his Due Process claims are therefore dismissed without prejudice.

Plaintiff's failure to protect claims fare no better. To plead a claim for failure to protect in violation of the Eighth Amendment, a plaintiff must plead facts showing he was "incarcerated under conditions posing a substantial risk of serious harm" and that the officer was "deliberately indifferent" to that risk of harm. *Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428, 438-39 (D.N.J. 2018); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). An officer will only be deliberately indifferent where he knew of and disregarded a known risk of serious harm. *Belt*, 336 F.3d at 438. A failure to intervene claim has similar requirements – the plaintiff must plead facts indicating that the officer had a "realistic and reasonable opportunity to intervene" and "simply refused to do so." *Bistrian*, 696 F.3d at 271; *Smith*, 293 F.3d at 650-51. Here, Plaintiff alleges Defendants failed to protect him by placing him

in a lock up cell with another individual while he had an injured arm. Plaintiff's claim is thus based entirely upon his allegation that rapes or assaults between cell mates occasionally occur, and Defendants should have known he would have been beaten or raped when they placed him in the cell. Plaintiff, however, pleads no facts which indicate a clear risk of rape or beating by his cell mate specifically. For example, Plaintiff does not plead facts indicating that Defendants knew that his cell mate had a history of violence or sexual aggression targeted at other inmates, nor does he plead any other facts which would support an inference that the officers should have known such an event would occur. Plaintiff has thus not pled facts showing that the officers were aware of and disregarded a specific risk to Plaintiff . Likewise, Plaintiff has not pled that Defendant Sloan was aware of a threat to his safety – i.e., the rape which occurred – nor that he had a realistic opportunity to intervene and end or prevent that attack. Plaintiff has thus failed to state a plausible claim for relief for either failure to protect or failure to intervene, and those claims must be dismissed without prejudice as to all Defendants.

Finally, turning to Plaintiff's outstanding motions, this Court has reviewed Plaintiff's motion to seal, which requests that portions of his complaint be sealed and that he be referred to only by his initials. Given the nature of some of Plaintiff's claims and some of the facts involved in this matter, this Court finds that Plaintiff has shown good cause for the limited sealing he requests, and his motion to seal (ECF No. 2) is granted. Plaintiff shall be referred to in this matter solely by his initials, and paragraph 32 of his complaint shall be sealed.

Having reviewed Plaintiff's complaint – which is thorough and clear, despite the legal deficiency of some of his claims – this Court finds that the appointment of counsel is not warranted at this time. Although civil plaintiffs have no right to the appointment of counsel in civil matters, this Court has wide discretion to appoint counsel where the Court finds that the appointment of counsel is warranted. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *see also Tabron*

*v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  In determining whether the appointment of counsel is warranted, this Court must first determine whether the plaintiff is indigent and whether his claims have merit.  *Tabron*, 6 F.3d at 155-57; *Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011).  Where an indigent plaintiff presents meritorious claims, the Court then must weigh various factors to determine whether the appointment of counsel is warranted.  *Tabron*, 6 F.3d at 155-57; *Cuevas*, 422 F. App'x at 144-45.  Those factors include the litigant's ability to present his case, the complexity of the legal issues involved, the degree to which factual investigation will be necessary and the plaintiff's ability to conduct such an investigation, the litigant's ability to retain counsel on his own behalf, the extent to which the case turns on credibility, and whether expert testimony will be required to resolve the case.  *Tabron*, 6 F.3d at 155-57; *Cuevas*, 422 F. App'x at 144-45.  This list of factors is not exhaustive, and this Court is free to consider any other relevant factors in making its determination.  *Montgomery*, 294 F.3d at 499.

In this matter, Plaintiff has shown his indigence and has pled at least one group of claims – his retaliation claims – of sufficient merit to survive screening.  Plaintiff's complaint, however, indicates that he is capable of clearly and cogently presenting his claims, the retaliation claims he presents are relatively straightforward and not terribly complex, and it is doubtful any expert testimony will be necessary in this matter.  Although credibility will likely play a part in this matter and the Court acknowledges the limited investigative abilities of an incarcerated prisoner, this Court finds that these factors are not sufficient to warrant the appointment of counsel in light of the fact that the facts are well known to Plaintiff, he appears able to pursue his claims, and Defendants are likely to provide any necessary documentary discovery in this matter.  Plaintiff's motion seeking the appointment of counsel (ECF No. 3) is therefore denied without prejudice.

## IV.   **CONCLUSION**

For the reasons expressed above, claims retaliation claims shall **PROCEED** against all Defendants at this time, Plaintiff's remaining claims shall be **DISMISSED WITHOUT PREJUDICE**, Plaintiff's motion to seal (ECF No. 2) is **GRANTED**; and Plaintiff's motion seeking the appointment of counsel (ECF No. 3) is **DENIED WITHOUT PREJUDICE.**   An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge